
Page 2

**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court | District of Wyoming |
|---|---|
| Name (under which you were convicted): Joshua Daly | Docket or Case No.: 09-CR-00073-J |
| Place of Confinement: Victorville Med. II | Prisoner No.: 11054-091 |
| UNITED STATES OF AMERICA v. | Movant (include name under which convicted) Joshua Daly |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: United States District Court For The District Of Wyoming, 2120 Capital Ave., Room 2131 Cheyenne, WY 82001

   (b) Criminal docket or case number (if you know): 09-CR-00073-J

2. (a) Date of the judgment of conviction (if you know): July 13, 2009

   (b) Date of sentencing: September 28, 2009

3. Length of sentence: 65 months

4. Nature of crime (all counts): Count 1, Felon In Possession Of A Firearm; Count 2, Stealing Firearms From A Federal Licensee.

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐  (2) Guilty ☒  (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? Movent plead guily to Count 1 Felon In Possession Of A Firearm; and Count 2 Stealing Firearms From A Licensee was dismissed.

Page 3

(c) If you entered a guilty plea pursuant to a plea bargain, state the terms and conditions of the agreement. __
<u>A 65 month sentence with 3 years supervised release.</u>

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☐   Judge only ☐ does not apply

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☐   does not apply

8. Did you appeal from the judgment of conviction?   Yes ☐   No ☒

  (a) If you did not appeal, explain briefly why you did not: <u>was not aware of the deception then</u>

9. If you did appeal, answer the following:

  (a) Name of court: <u>does not apply</u>

  (b) Docket or case number (if you know): <u>does not apply</u>

  (c) Result: <u>does not apply</u>

  (d) Date of result (if you know): <u>does not apply</u>

  (e) Citation to the case (if you know): <u>does not apply</u>

  (f) Grounds raised: <u>does not apply</u>

  (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☒
  If "Yes," answer the following:
    (1) Docket or case number (if you know): <u>does not apply</u>
    (2) Result: <u>does not apply</u>
    (3) Date of result (if you know): <u>does not apply</u>
    (4) Citation to the case (if you know): <u>does not apply</u>
    (5) Grounds raised: <u>does not apply</u>

Page 4

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?     Yes ☐   No ☒

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: _____does not apply_____
        (2) Docket or case number (if you know): _____does not apply_____
        (3) Date of filing (if you know): _____does not apply_____
        (4) Nature of the proceeding: _____does not apply_____
        (5) Grounds raised: _____does not apply_____
        (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
                                                                    Yes ☐   No ☐
        (7) Result: _____does not apply_____
        (8) Date of result (if you know): _____does not apply_____

    (b) If you filed any second motion, petition, or application, give the same information:
        (1) Name of court: _____does not apply_____
        (2) Docket or case number (if you know): _____does not apply_____
        (3) Date of filing (if you know): _____does not apply_____
        (4) Nature of the proceeding: _____does not apply_____
        (5) Grounds raised: _____does not apply_____
        (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
                                                                    Yes ☐   No ☐
        (7) Result: _____does not apply_____
        (8) Date of result (if you know): _____does not apply_____

    (c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?
        (1) First petition:    Yes ☐   No ☐   does not apply
        (2) Second petition:   Yes ☐   No ☐   does not apply

    (d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:
        _____Movent was not aware of the deception at that time_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

    SEE ATTACHMENT

Page 5

**GROUND ONE:** ___SEE ATTACHMENT___

(a) Supporting facts (Briefly summarize your claim. You may provide additional argument and legal citations in a separate supporting memorandum): ___SEE ATTACHMENT___

_____
_____
_____
_____
_____
_____
_____
_____

(b) Direct Appeal of Ground One:
  (1) If you appealed from the judgment of conviction, did you raise this issue?   Yes ☐  No ☐
  (2) If you did not raise this issue in your direct appeal, explain why: ___does not apply___

(c) Post-Conviction Proceedings:
  (1) Did you raise this issue in any post-conviction motion, petition, or application?   Yes ☐  No ☒
  (2) If your answer to Question (c)(1) is "Yes," state:
  Type of motion or petition: ___does not apply___
  Name and location of the court where the motion or petition was filed: ___does not apply___
  Docket or case number (if you know): ___does not apply___
  Date of the court's decision: ___does not apply___
  Result (attach a copy of the court's opinion or order, if available): ___does not apply___
  (3) Did you receive a hearing on your motion, petition, or application?   Yes ☐  No ☐
  (4) Did you appeal from the denial of your motion, petition, or application?   Yes ☐  No ☐
  (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?   Yes ☐  No ☐
  (6) If your answer to Question (c)(4) is "Yes," state:
  Name and location of the court where the appeal was filed: ___does not apply___
  Docket or case number (if you know): ___does not apply___
  Date of the court's decision: ___does not apply___
  Result (attach a copy of the court's opinion or order, if available): ___does not apply___
  (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: ___does not apply___

**GROUND TWO:** SEE ATTACHMENT

(a) Supporting facts (Briefly summarize your claim. You may provide additional argument and legal citations in a separate supporting memorandum): SEE ATTACHMENT

(b) Direct Appeal of Ground Two:
  (1) If you appealed from the judgment of conviction, did you raise this issue?   Yes ☐   No ☐
  (2) If you did not raise this issue in your direct appeal, explain why: does not apply

(c) Post-Conviction Proceedings:
  (1) Did you raise this issue in any post-conviction motion, petition, or application?   Yes ☐   No ☐
  (2) If your answer to Question (c)(1) is "Yes," state:
  Type of motion or petition: does not apply
  Name and location of the court where the motion or petition was filed: does not apply
  Docket or case number (if you know): does not apply
  Date of the court's decision: does not apply
  Result (attach a copy of the court's opinion or order, if available): does not apply
  (3) Did you receive a hearing on your motion, petition, or application?   Yes ☐   No ☐
  (4) Did you appeal from the denial of your motion, petition, or application?   Yes ☐   No ☐
  (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?   Yes ☐   No ☐
  (6) If your answer to Question (c)(4) is "Yes," state:
  Name and location of the court where the appeal was filed: does not apply
  Docket or case number (if you know): does not apply
  Date of the court's decision: does not apply
  Result (attach a copy of the court's opinion or order, if available): does not apply
  (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: does not apply

**GROUND THREE:** does not apply

(a) Supporting facts (Briefly summarize your claim. You may provide additional argument and legal citations in a separate supporting memorandum): does not apply

(b) Direct Appeal of Ground Three:
   (1) If you appealed from the judgment of conviction, did you raise this issue? Yes ☐ No ☐
   (2) If you did not raise this issue in your direct appeal, explain why: does not apply

(c) Post-Conviction Proceedings:
   (1) Did you raise this issue in any post-conviction motion, petition, or application? Yes ☐ No ☐
   (2) If your answer to Question (c)(1) is "Yes," state:
   Type of motion or petition: does not apply
   Name and location of the court where the motion or petition was filed: does not apply
   Docket or case number (if you know): does not apply
   Date of the court's decision: does not apply
   Result (attach a copy of the court's opinion or order, if available): does not apply
   (3) Did you receive a hearing on your motion, petition, or application? Yes ☐ No ☐
   (4) Did you appeal from the denial of your motion, petition, or application? Yes ☐ No ☐
   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal? Yes ☐ No ☐
   (6) If your answer to Question (c)(4) is "Yes," state:
   Name and location of the court where the appeal was filed: does not apply
   Docket or case number (if you know): does not apply
   Date of the court's decision: does not apply
   Result (attach a copy of the court's opinion or order, if available): does not apply
   (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: does not apply

**GROUND FOUR:** ___does not apply___
___does not apply___
(a) Supporting facts (Briefly summarize your claim. You may provide additional argument and legal citations in a separate supporting memorandum): ___does not apply___

_____
_____
_____
_____
_____
_____
_____
_____

(b) Direct Appeal of Ground Four: ___does not apply___
   (1) If you appealed from the judgment of conviction, did you raise this issue?  Yes ☐  No ☐
   (2) If you did not raise this issue in your direct appeal, explain why: _____
_____

(c) Post-Conviction Proceedings: ___does not apply___
   (1) Did you raise this issue in any post-conviction motion, petition, or application?  Yes ☐  No ☐
   (2) If your answer to Question (c)(1) is "Yes," state:
   Type of motion or petition: _____
   Name and location of the court where the motion or petition was filed: _____
   Docket or case number (if you know): _____
   Date of the court's decision: _____
   Result (attach a copy of the court's opinion or order, if available): _____
   (3) Did you receive a hearing on your motion, petition, or application?  Yes ☐  No ☐
   (4) Did you appeal from the denial of your motion, petition, or application?  Yes ☐  No ☐
   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?  Yes ☐  No ☐
   (6) If your answer to Question (c)(4) is "Yes," state:
   Name and location of the court where the appeal was filed: _____
   Docket or case number (if you know): _____
   Date of the court's decision: _____
   Result (attach a copy of the court's opinion or order, if available): _____
   (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: **Yes, grounds ONE and TWO were not previously presented in federal court because Movent only recently learned of this deception through due diligence.**

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging? Yes ☐  No ☒

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: **Mr. Blythe of the office of Federal Public Defenders Raymond P. Moore, 214 W. Lincolnway 31A, Cheyenne, WY 82001**

    **Phone: 301-772-2781     Fax: 307-772-2788**

    (b) At arraignment and plea: **same as above**

    (c) At trial: **same as above**

    (d) At sentencing: **same as above**

    (e) On appeal: **does not apply**

    (f) In any post-conviction proceeding: **does not apply**

    (g) On appeal from any ruling against you in a post-conviction proceeding: **does not apply**

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☒

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____
        does not apply

    (b) Give the date the other sentence was imposed: does not apply

    (c) Give the length of the other sentence: does not apply

    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes ☐ No ☒

    Please go to Question 18

Page 11

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*
SEE ATTACHMENT

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

> A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
>
> (1) the date on which the judgment of conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

SEE ATTACHMENT

Therefore, movant asks that the Court grant the following relief: <u>To Correct Movent's Sentence; To run federal sentence concurrently on the issue of the Court's silent count; also see attachment Memeorandum of points & Authorities.</u>
or any other relief to which movant may be entitled.

<u>Movent In Pso Se</u>
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the institutional mailing system or deposited with prison officials on

DATE <u>September 30, 2012</u> (month, day, year). I attest that first-class postage has been prepaid.

DATE  Executed (signed) on <u>September 30, 2012</u> (date).

X <u>Josh Daly   9-30-2012</u>
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.
_____
_____
_____

**Page 5. 12. a. GROUND ONE:** Movant's Sixth Amendment Rights were violated by ineffective assistance of counsel becuase of the following: #1 Movant was forced into the plea agreement, #2 His Attorney did not put Movant in the best position after plea, and he should have been advised as to the possible outcome of the plea, his Attorney did not advise him of sentencing possibilities, #3 Movant's Attorney was not honest with him, #4 Based on his Attorney's conduct, his plea was not voluntary because he did not understand the terms of his plea agreement.

**12. b. SUPPORTING FACTS:** Several months prior to sentencing (September 21, 2009) Movant and his Attorney had discussed several possibilities... the outcome was this: Movant's federal Attorney had lead Movant to believe that his federal sentence of 65 months for 18 U.S.C. §922 (g)(1) would run concurrently with the state charge count 3 Felon in the possession of A Firearm, and consecutive to counts 1 and 4 (1) Unlawfully Driving Away an Authomobile and (4) Fleeing and Eluding Police. Movant explained to his federal Attorney that they had to drop one felony and run the other concurrent with his state charges, and he would accept the federal plea under those terms. Movant's federal Attorney said that this could be done. All along throughout these procedures Movant's federal Attorney maintained this agreement.

On September 21, 2009, at 10:oo a.m. Movant was sentenced in federal court (this court) to a 65 month sentence for 18 U.S.C. §922 (g)(1). Movant heard the federal Judge explain that his

-1-

federal sentence would be running consecutively to his Michigan charges on count (1) Unlawfully Driving Away an Automobile (3) Felon in Possession of a Firearm and (4) Fleeing & Eluding Police 3rd Degree, and Movant assumed that because the Judge explained that that his other charge would be concurrent as promised by his Attorney--who said that he had it all worked out with the federal prosecutor and the federal Judge. Movant trusted his Attorney to work that out with the court.

During sentencing, Movant asked his Attorney if the Judge was sentencing him to the terms he had agreed to prior to sentencing. His Attorney did not want to discuss anything at that moment. After sentencing, he said, "Yes, it is concurrent, now let's see what B.O.P. does!"

It should be noted that prior to sentencing and up to sentencing that Movant had the I.Q. level that of a 6th grade child. Movant was basically illiterate and completely trusting in his Attorney. See Exibits A, B, and C (court transcripts of sentencing): Exibit A, Mr. Blythe, "He didn't even read before he went into the first incarceration, and he's been able to develop himself". Exibit B, The Court, "...the pattern of **ANTISOCIAL CONDUCT** is such... , and Exibit C, The Court,"... **MENTAL HEALTH ISSUES**. These problems have been with you since age 13 and are **STILL WITH YOU**. They're not just gonna go away overnight or with the snap of a finger..."

Aside from the illiterate issue, Movant has had some very

serious mental and antisocial issues since a very young age; all of these issues coupled together then trying to understand complex court words and terms would make it absolutely impossible for Movant to understand what was going on in the court (not even close to that of an average layman). Movant's trust was entirely on his Attorney's word.

On January 18, 2011, Movant was recieved into federal custody. Shortly after this date, Movant discovered that F.B.O.P was not running his federal sentence concurrently with the Michigan state charges likle he had agreed to in his federal court plea agreement.

Movant immediately started looking into the problem. Sometime in March, 2011, Movant started writing his Attorney (see Attached Memorandum Of Points And Authorities),see exibit F; that was the reply from Movant's hand-written letter as well exibits F through L shows Movant's immediate exercise of due diligence.

On August 2, 2012, after more then a year of the prison Administrative Remedy Process, and still no word back from Movant's last Administrative Remedy #11. Movant ran into a guy who was filing a similar petition to that of Movant's situation. The guy's name was Mr. Darby. That night Movant gave Mr. Darby all of his documents, so that Mr. Darby could look over Movant's situation and add some light to where the problems is in his paperwork. Movant explained to Mr. Darby that his federal sentence was supposed to run conncurrently to his state charge

1 count 3 in Michigan, and that F.B.O.P. was not complying with
2 the federal court plea agreement.
3
4 On August 5, 2012, Mr. Darby met with Movant to explain his
5 finding... Movant met with Mr. Darby at the law library on this
6 day. Having been studing law for some 15 years and having a
7 college education, Mr. Darby found the problem immediately. Mr.
8 Darby explained to Movant that in fact the federal Judge was sil-
9 ent on the issue of running the federal sentence concurrently to
10 his state charges in Michigan.
11
12 In light of this newly discovered evidence and FBOP's reply,
13 Mr. Daly is filing this §2255 motion with the court.
14 DATED: September 30, 2012
15
16                                    RESPECTFULLY SUBMITTED,
17                                    x Josh Daly 950-202
                                       JOSHUA DALY,
                                       MOVANT IN PRO SE.
18 /////
19 /////
20 /////
21 /////
22 /////
23 /////
24 /////

-4-

**Page 6. 12. a. GROUND TWO:** Movant's Fourteenth Amendment Right's were violated as well. Not only was Mr. Daly's Attorney in on the deception but the Prosecutor and the court were also in on it.

**12. b. SUPPORTING FACTS TWO:** See Exibit D (Sentencing Transcript Page #32), "Mr. Phillips: and, Your Honor, I'm pretty sure that you said in terms of the consecutive sentence to the paragraph 27, that is Docket 08-23291 FH, that that consecutive was to Count 1 and 4 **BUT NOT TO COUNT 3,** the Felon In Possession." Being silent as to the conurrent nature of the periously discussed plea deal, that the court very well knew that Movant was looking forward to on sentencing day, and Count 3, gave the deception that that deal was in fact good; hence, deceiving Mr. Daly into believing that Count 3 was to run concurrently to state sentence. This was an extremely simple task when you consider that you're dealing with an illiterate person with an I.Q. that of a 6th grade child who just recently learned to read, also with mental health issues and antisocial problems.

DATED: _September 30, 2012_

RESPECTFULLY SUBMITTED,

x_Josh Daly 9-30-2012_,
JOSHUA DALY,
MOVANT IN PRO SE

/////
/////
/////
/////
/////
/////

-1-

**Page 11. #18. TIMELINESS OF MOTION:** Movent argues that his Attorney and Prosecutor mislead him into believing that he had been sentenced to a concurrent sentence. Movent did not learn of this deception until he started his federal sentence, after ending his state sentence. The limitations period should not have run until the date Movent learned of the decption on August 5, 2012, when Mr. Darby met with Movent in the prison law library to explain to him that in fact there was a deception.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)'s one-year limitation may be equitably tolled in some circumstances.

A defendant may use a 28 U.S.C. §2255 motion to challege his sentence when he believes that federal prosecutors mislead him into pleading guilty. 28 U.S.C. §2255 (f).

Through exerise of due diligence Movent discovered that he had been deceived by his Attorney as well as Prosecutors. Please Exhibits E through L. When Movent completed his state commitment and started his federal sentence on January 18, 2011, after learning that the federal B.O.P. was not honoring the District Court's deal (that was Movent's belief at that time, he had a concurrent sentence), Movent has been diligently following his due process procedures up to date.

DATED: _September 30, 2012_

RESPECTFULLY SUBMITTED,

x _Josh Daly_  9-30-2012

JOSHUA DALY,
MOVENT IN PRO SE

/////
/////

-1-