FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2013 APR 24  PM 3 32

STEPHAN HARRIS, CLERK
CHEYENNE

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JOSHUA DALY,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No. 12–CV–235–ABJ<br><br>(Criminal No. 09–CR–73–ABJ–1) |

## ORDER DISMISSING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255

Joshua Daly pleaded guilty to being a felon in possession of a firearm and was sentenced to 65 months in prison. About three years after his conviction became final, he filed a motion under 28 U.S.C. § 2255 asking this Court to vacate, set aside, or correct his sentence on the ground that he received ineffective assistance of counsel in violation of the Sixth Amendment. Mr. Daly argues that, despite his expectations and defense counsel's assurances, his federal sentence is not being run concurrently with a count from a separate state sentence. The Government argues that Mr. Daly's motion should be dismissed because it is untimely under § 2255's one-year limitation period. The Court agrees and therefore **DISMISSES** Mr. Daly's motion as time-barred.

## FACTS

Mr. Daly is a convicted felon who, in June 2008, stole firearms from a gun store and federal firearms licensee in Gillette, Wyoming. A month later he stole a truck and a firearm from a home in Lapeer, Michigan, and was involved in a police chase. Mr. Daly was charged in the Seventh Circuit Court in Michigan with unlawfully driving away an automobile (Count One), receiving and concealing a stolen motor vehicle (Count Two), being a felon in possession of a firearm (Count Three), and fleeing and eluding police (Count Four). He pleaded guilty to Counts One, Three, and Four, and the State dismissed Count Two. Mr. Daly was sentenced on each count to no less than 18 months and no more than 60 months in prison. The sentences were to run concurrently.

Several months later after being charged in Michigan, a federal grand jury indicted Mr. Daly for his conduct in Gillette—being a felon in possession of a firearm and stealing firearms from a licensed federal firearms dealer. *See* 18 U.S.C. §§ 922(g)(1), 924(m). Mr. Daly pleaded guilty to the felon-in-possession charge, the Government dismissed the other charge, and the trial court sentenced him to 65 months in prison. The Government also requested that Mr. Daly's federal sentence run consecutively to Counts One and Four of his state conviction but not Count Three. The trial court granted the Government's request and entered its judgment on October 1, 2009. The judgment imposed the 65-month sentence to be served consecutively with Counts One and Four of the state sentence, but the judgment didn't indicate whether the federal sentence was to be served consecutively or concurrently with Count Three of the state sentence. Mr. Daly did not file a direct appeal so his conviction became final on October 11, 2009. *See United States v.*

- 2 -

*Prows*, 448 F.3d 1223, 1227–28 (10th Cir. 2006) ("If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of time in which to take a direct criminal appeal.").[1]

Mr. Daly served his state sentence first and then started serving his federal sentence around January 18, 2011. But shortly after arriving in federal custody, Mr. Daly learned that his federal sentence was not running concurrently with Count Three from his state sentence despite his understanding that the sentences were to be concurrent. So, in March 2011, Mr. Daly started writing his attorney to obtain copies of the sentencing transcript and judgment. And then in August 2011 he sought relief through the Bureau of Prison's (BOP) administrative remedy process. He was denied relief and appealed through the administrative process until August 2012. Mr. Daly then mailed this Court his § 2255 motion on September 30, 2012.

## DISCUSSION

Mr. Daly urges this Court to correct his sentence under § 2255 on the ground that he received ineffective assistance of counsel in violation of the Sixth Amendment. He argues his counsel was ineffective in several ways, but his primary complaint is that his federal sentence is not running concurrently with Count Three of his state sentence. The Government responds that Mr. Daly's motion is inexcusably late. Mr. Daly replies that the one-year limitation period for his § 2255 motion should be equitably tolled because he diligently pursued relief through the BOP's

---

[1] Before December 1, 2009, criminal defendants only had ten days to file an appeal under Federal Rule of Appellate Procedure 4.

administrative remedy process. Because Mr. Daly is pro se, the Court construes his filings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## I. Mr. Daly's § 2255 Motion Is Untimely

Generally, a petitioner has one year to file a § 2255 motion after the petitioner's conviction becomes final. 28 U.S.C. § 2255(f)(1); *United States v. Chang Hong*, 671 F.3d 1147, 1150 (10th Cir. 2011). Here, Mr. Daly's conviction became final on October 11, 2009. But Mr. Daly mailed his motion on September 30, 2012, almost three years after his conviction became final.[2] Thus, Mr. Daly's motion is untimely because he didn't mail it within one year of his conviction becoming final as required by § 2255(f)(1).

Mr. Daly does not argue that government action unlawfully impeded him from filing his motion, or that he is asserting a constitutional right newly recognized by the Supreme Court and made retroactive to collateral cases. *See* 28 U.S.C. § 2255(f)(2)–(3). Instead, Mr. Daly argues that, under 28 U.S.C. § 2255(f)(4), the one-year limitation period started running on his motion when he discovered that his federal and state sentences were not running concurrently. This discovery took place, according to Mr. Daly, "shortly after [January 18, 2011]." Pet'r Mot. 3, ECF No. 1. So, under Mr. Daly's theory, that date is when he learned of the facts forming the basis of his ineffective assistance of counsel claim. *See United States v. Azubuike*, 267 F. App'x 731, 732 (10th Cir. 2008) (unpublished). Assuming § 2255(f)'s one-year clock started ticking in

---

[2] The Court assumes (without deciding) that Mr. Daly's motion complied with the prison mailbox rule such that his motion was "filed" on the date he mailed it. *See Price v. Philpot*, 420 F.3d 1158, 1163–67 (10th Cir. 2005) (discussing the prison mailbox rule).

January 18, 2011, Mr. Daly had until January 18, 2012 to file his motion. But he didn't do so until several months later in October 2012. Thus, even conceding Mr. Daly's argument that § 2255(f)'s one-year limitation period started running in January 2011, his motion is still untimely.

## II.     Mr. Daly Is Not Entitled to Equitable Tolling

Mr. Daly argues that even if his motion is untimely this Court should excuse that untimeliness based on the equitable tolling doctrine. Equitable tolling can extend the time for filing a § 2255 motion beyond the one-year limitation period. *See United States v. Johnson*, 447 F. App'x 918, 919 (10th Cir. 2012) (unpublished). But equitable tolling applies only if the petitioner shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way of making a timely filing. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007). To show diligence, a petitioner "must allege with specificity the steps he took to diligently pursue his federal claims." *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008). And while no exhaustive list of extraordinary circumstances is available, the Tenth Circuit has provided some examples, including actual innocence claims, uncontrollable circumstances preventing timely filing, or a timely filing that is otherwise defective in some way. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

Although courts have the power to equitably toll § 2255's one-year limitation period, equitable tolling is the exception, not the rule. *See Yang*, 525 F.3d at 928 ("An inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due

diligence."). Simply, equitable tolling is a rare remedy to be applied sparingly and in unusual circumstances. *See id.* at 929.

Mr. Daly argues that he diligently pursued his claims by seeking relief through the BOP's administrative remedy process from August 2011 until August 2012. This Court has found no Tenth Circuit decision addressing whether pursuing administrative remedies can satisfy the diligence requirement for equitable tolling. Happily, the Court need not decide that issue because in any event Mr. Daly has failed to demonstrate extraordinary circumstances warranting equitable tolling.

Mr. Daly argues that his diminished mental capacity constitutes an extraordinary circumstance warranting equitable tolling, and the Tenth Circuit has said that equitable tolling may be appropriate where there is adequate proof of incompetence. *Reupert v. Workman*, 45 F. App'x 852, 854 (10th Cir. 2002) (unpublished). But equitable tolling based on mental incapacity is warranted only in "exceptional circumstances," such as when the petitioner has been adjudicated incompetent, has been institutionalized for mental incapacity, or where there is evidence that the petitioner is not capable of pursuing his claim because of mental incapacity. *Id.*

The Court rejects Mr. Daly's contention that his diminished mental capacity constitutes an extraordinary circumstance entitling him to equitable tolling. There is no evidence that Mr. Daly has ever been institutionalized due to mental incapacity or incompetence or adjudicated incompetent. There is evidence, however, that he was capable of pursuing his claims. During the time Mr. Daly could have filed his § 2255 motion, he corresponded with his attorney to obtain court documents and sought relief through the BOP's administrative process. *Cf. Wiegand v.*

*Zavares*, 320 F. App'x 837, 839 (10th Cir. 2009) (unpublished) (determining that petitioner was capable of pursuing his claims because he corresponded with the district court to request records in support of a motion). Thus, even assuming Mr. Daly exercised due diligence, he has not shown that his alleged diminished mental capacity constitutes an extraordinary circumstance entitling him to equitable tolling.

### III.  Evidentiary Hearing

Section 2255 provides that a district court should hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Here, the Court concludes that Mr. Daly's motion and the record and files of this case conclusively show that he's not entitled to relief, and the Court therefore denies an evidentiary hearing. *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (holding that no evidentiary hearing is required if the record conclusively shows that the petitioner is not entitled to relief).

### IV.  Certificate of Appealability

The rules governing § 2255 proceedings state, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Section 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing in a case like this where the court has disposed of the § 2255 motion on

procedural grounds, a petitioner must show (1) that reasonable jurists would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, reasonable jurists could not debate the correctness of the Court's procedural ruling, so the Court denies Mr. Daly a certificate of appealability.

## CONCLUSION

Mr. Daly's motion is untimely under § 2255(f)(1) because he filed it about three years after his conviction became final. And even if the one-year limitation period started running when Mr. Daly discovered his federal and state sentences were not running concurrently, his motion still is untimely. The Court rejects Mr. Daly's argument that he is entitled to equitable tolling. The Court therefore **DISMISSES** Mr. Daly's motion, **DENIES** an evidentiary hearing, and **DENIES** a certificate of appealability.

Dated this 24th day of April, 2013.

Alan B. Johnson
United States District Judge